IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUAN CERVANTES, | ) |
| *Defendant-Petitioner*, | ) |
| | ) No. 22 C 833 |
| v. | ) |
| | ) Judge Virginia M. Kendall |
| UNITED STATES OF AMERICA, | ) |
| *Plaintiff-Respondent*. | ) |

**MEMORANDUM OPINION AND ORDER**

Petitioner Juan Cervantes pleaded guilty to one count of conspiracy to possess with the intent to distribute heroin and cocaine, in violation of 21 U.S.C. § 846. (Dkt. 7 at 2). Cervantes moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Dkt. 1). He argues that his appointed pretrial counsel's ineffective performance resulted in an unfair sentence, (*id.* at 5–6; *see also* dkt. 10 at 3–7), and that the Government unconstitutionally penalized him for exercising his Fifth Amendment right to remain silent, (dkt. 1 at 8; dkt. 10 at 8–9). For the following reasons, Cervantes's motion [1] is denied.

**BACKGROUND**

From 2013 to 2014, Cervantes participated in the Roque drug trafficking organization which, among other things, transported over 1,500 kilograms of cocaine and 100 kilograms of heroin into Chicago via Amtrak. (Dkt. 7 at 2; dkt. 7-1 at 8). Cervantes would travel to Union Station to pick up packages that he knew contained narcotics and take them to stash houses. (Dkt. 7 at 2). He ultimately transported about 170 kilograms of cocaine and at least ten kilograms of heroin. (*Id.* at 3).

A grand jury returned a fourth superseding indictment charging Cervantes with conspiracy to possess with the intent to distribute one kilogram or more of heroin and five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. (No. 15-cr-485-4, Dkt. 293). Cervantes pleaded guilty to one count. (No. 22-cv-833, Dkt. 7 at 2; *see also* No. 15-cr-485-4, Dkt. 382). At the plea colloquy, he admitted under oath to committing the charged crimes. (*See* No. 15-cr-485-4, Dkts. 381, 382). He also changed the plea agreement's language regarding the number of trips taken with his sister, Angelica Cervantes, to transport narcotics from "at least eight" occasions to "multiple" occasions. (No. 15-cr-485-4, Dkt. 382 at 3). Cervantes crossed out the original language and handwrote "multiple" followed by his initials. (*Id.*) After making this amendment, the Court gave Cervantes additional time to confer with his attorney about any disagreement with the plea's factual basis. (No. 22-cv-833, Dkt. 7 at 3–4). Cervantes then agreed with all factual statements and pleaded guilty pursuant to the written plea agreement. (*Id.*).

The probation officer prepared a presentence investigation report (PSR) and determined that Cervantes's advisory guideline imprisonment range was 168 to 210 months. (No. 15-cr-485-4, Dkt. 430 at 21–22). Cervantes filed a sentencing memorandum in which he did not object to the facts set forth in the PSR nor to the advisory guidelines range calculation. (*See* No. 15-cr-485-4, Dkt. 731 at 1–2). At Cervantes's sentencing hearing, his attorney Robert Loeb argued that Cervantes's role in the conspiracy was like that of his sister and codefendant Angelica Cervantes, who received a minor role reduction under the sentencing guidelines. (*See* No. 15-cr-485-4, Dkt. 776 at 14:3–16:3). Loeb argued Cervantes should receive a sentence of 120 months, the statutory minimum, but below the agreed advisory guidelines range. (*Id.* at 17:4–9). The Court rejected these arguments, found nothing mitigating about his participation in the underlying crime, and imposed a sentence of 168 months' imprisonment. (*Id.* at 25:8–15; *id.* at 26:21–28:16).

Cervantes appealed this sentence, arguing that the Court failed to consider the need to avoid unwarranted sentence disparities among defendants with similar records who pleaded guilty to similar conduct under 18 U.S.C. § 3553(a)(6). (No. 22-cv-833, Dkt. 7-1). He further argued the Court erred in denying him a two-level minor role reduction and relied on inaccurate information in sentencing. (*Id*.) The Seventh Circuit affirmed Cervantes's sentence, finding the Sentencing Court had identified the need to avoid unwarranted disparities, considered other defendants' sentences, and properly noted the differences between Juan Cervantes and Angelica Cervantes. *United States v. Sanchez*, 989 F.3d 523, 537–38, 543 (7th Cir. 2021).

The appellate court further held that Cervantes had "forfeited any claim to the minor role reduction" because he failed to object to the advisory guideline range calculation either in response to the PSR or at sentencing. *Id.* at 545. The appellate court pointed out that "defense counsel should have articulated this objection as a challenge to the Guidelines calculation, rather than advancing it to support a downward variance under § 3553(a)." *Id.* Furthermore, the appellate court concluded that "under any standard," the Sentencing Court did not err in rejecting the minor role reduction argument. *Id.* The admitted facts supported its finding that Cervantes was not "substantially less culpable than the average participant in the criminal activity." *Id.* (quoting U.S.S.G. § 3B1.2(b)). Finally, the appellate court rejected his claim that the Sentencing Court had relied on inaccurate information in his plea agreement. *Id*. at 545.

On February 15, 2022, Cervantes filed the petition now before the Court. (*See* No. 22-cv-833, Dkt. 1). First, Cervantes argues that his attorney, Robert Loeb, failed to "reveal mitigating factors" at sentencing regarding Cervantes's relatively limited role in the Roque drug trafficking organization. (*Id.* at 5). Cervantes claims that because of this ineffectiveness, his own sentence was "much harsher" than those of his codefendants, despite their "much greater" roles in the

3

scheme. (*Id.*) Cervantes further maintains that Loeb "allow[ed] inconsistencies [to go uncorrected] in the factual basis of [Cervantes's] plea agreement[, which] effectively allow[ed Cervantes] to be sentenced on misinformation." (*Id.* at 6). Finally, Cervantes maintains that the Government unconstitutionally penalized him for exercising his Fifth Amendment right to remain silent. (*Id.* at 8). Cervantes now requests that this Court resentence him. (*Id.* at 13).

## LEGAL STANDARD

A federal prisoner may move the sentencing court to vacate, set aside, or correct its sentence if he believes the sentence violated the Constitution, the court lacked jurisdiction to impose such a sentence, the sentence exceeded the maximum permitted by law, or the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a). Courts grant § 2255 motions only in the most "extraordinary circumstances . . . where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878–79 (7th Cir. 2013).

## DISCUSSION

In a § 2255 motion, a prisoner cannot directly attack the length of his sentence by alleging an error in the advisory Sentencing Guidelines calculation unless that error is of constitutional significance. *See Hawkins v. United States*, 706 F.3d 820, 823 (7th Cir. 2013) (*Hawkins* I) (explaining that a district judge's mistake in applying an incorrect advisory guideline calculation is not an error that can be corrected in a postconviction proceeding when sentence is still below statutory maximum); *Hawkins v. United States*, 724 F.3d 915, 917 (7th Cir. 2013) (*Hawkins* II) (reiterating that postconviction relief is not proper for a lawfully imposed sentence, even if sentencing judge "might have imposed a lighter sentence had he calculated the applicable guidelines sentencing range correctly").

Here, Cervantes couches his allegations as claims for ineffective assistance of counsel to access postconviction review after the direct appeal of his sentence failed. *See United States v. Cates*, 950 F.3d 453, 457 (7th Cir. 2020) (noting that ineffective assistance of counsel claims can and should be brought as collateral attacks under § 2255) (citing *Massaro v. United States*, 538 U.S. 500, 504–05 (2003)). "In the sentencing context, an attorney's unreasonable failure to identify and bring to a court's attention an error in the court's Guidelines calculations that results in a longer sentence may constitute ineffective assistance." *United States v. Jones*, 635 F.3d 909, 916 (7th Cir. 2011); *see also United States v. Ramirez*, 799 F.3d 845, 855 (7th Cir. 2015) ("An attorney's failure to object to an error in the court's guidelines calculation that results in a longer sentence for the defendant can demonstrate constitutionally ineffective performance."). But Cervantes cannot show his counsel performed below constitutional standards, as he has claimed.

A.  **Ineffective Assistance of Counsel**

The Sixth Amendment guarantees a criminal defendant's right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *see also Blake*, 723 F.3d at 879. To sustain a claim for violating this constitutional right, Cervantes must show that: (1) his attorney's performance fell "below an objective standard of reasonableness" compared to "prevailing professional norms," and (2) there is a reasonable probability that "the result of the proceeding would have been different" without counsel's error. *Strickland*, 466 U.S. at 688, 694. As to the first prong, a court's review of counsel's performance is "highly deferential." *Id.* at 689. The court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and presume that it is a "sound trial strategy." *Id.* As to the second prong, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

5

### 1. Failure to Seek Minor Role Reduction

Cervantes contends that his attorney, Robert Loeb, provided ineffective assistance by failing to pursue a minor role reduction that allowed Cervantes to overrepresent his role in the conspiracy. (Dkt. 1 at 5; dkt. 10 at 3–4). Cervantes states Loeb did not object to the PSR's advisory guideline calculation when he should have. (Dkt. 10 at 4). Cervantes contends that, had Loeb objected to the PSR's guideline calculation and "ardently" pursued this reduction at sentencing, Cervantes would have been eligible for a lower sentencing range under the Guidelines. (*Id.*; *see also id.* at 5 ("The adjustment for role in the offence would have changed my guideline range from 168–210 to 97–121 months.")).

Under U.S.S.G. § 3B1.2(b), a defendant receives a two-level decrease in the overall offense level calculation "[i]f the defendant was a minor participant in any criminal activity." The applicability of this provision turns on the defendant's culpability. *Sanchez*, 989 F.3d at 544 ("§ 3B1.2(b) applies to defendants 'who play[ ] a part in committing the offense that makes [them] *substantially less culpable* than the average participant in the criminal activity.'" (emphasis added) (quoting U.S.S.G. § 3B1.2, cmt. n.3(A))). The relevant comparison is with other average members of the conspiracy rather than the ringleaders. *Id.* (citing *United States v. Guzman-Ramirez*, 949 F.3d 1034, 1037 (7th Cir. 2020)). The court considers a "non-exhaustive list of factors" in this determination. *Id.* (citing § 3B1.2, cmt. n.3(C)). The defendant must prove the reduction should apply by a preponderance of the evidence. *Id.* (citing *United States v. Sandoval-Velazco*, 736 F.3d 1104, 1107 (7th Cir. 2013)).

Cervantes has failed to make a predicate showing that there *was* any error in the court's guidelines calculation, and that he was, in fact, entitled to the two-level minor role reduction. Cervantes vaguely states in his opening motion that "counsel failed to reveal mitigating factors,

6

allowing petitioner's role to overrepresent him . . . as co-defendant's role was much greater yet Petitioner's sentence was much harsher." (Dkt. 1 at 5). He argues more specifically in his reply that "Mr. Loeb did not raise the issue of a minor role on my part with any veracity, even though at sentencing the government admitted 'this defendant played . . . a smaller role in this offense.'" (Dkt. 10 at 4). He contends that this failure was not a "strategic choice" under *Strickland* and alleges that Loeb made a legal error. (*Id.*) To support his contention that he should have received the reduction, he states that the record shows he had "NO knowledge or understanding of either the extent or the structure of the conspiracy," that his "participation was minimal," that he had no influence with the leaders, and that he did not gain financially from his participation in the scheme. (*Id.* at 5).

Cervantes essentially argues that he was entitled to the two-level reduction for the same reasons already rejected on direct appeal. The Seventh Circuit affirmed the Sentencing Court's finding that Cervantes's role in the conspiracy was greater than he represented. *Sanchez*, 989 F.3d at 545 ("Besides couriering drugs, J. Cervantes recruited members into the conspiracy, unloaded narcotics at stash houses, and even blocked law enforcement from apprehending A. Cervantes."). If Cervantes was likely not entitled to the two-level minor role reduction in the guidelines calculation, then his counsel did not act unreasonably by failing to properly lodge this objection. *See, e.g.*, *Atkins v. United States*, No. 17-cv-144, 2018 WL 3108910, at *20 (S.D. Ill. June 25, 2018) (finding counsel pursued reasonable strategy by not objecting to two-level possession-of-firearm enhancement, when evidence existed showing defendant did possess gun despite his denial). Cervantes makes no new factual or legal arguments that show he deserved a different advisory guideline calculation, or that his counsel could have obtained one. Rather, the record suggests this reduction was not available. (*See* No. 15-cr-485-4, Dkt. 731 at 7). Lacking such a

showing, his counsel's failure to object to the calculation cannot overcome the presumption of reasonable professional assistance. Cervantes's claim fails on the first *Strickland* prong, which is dispositive.

### 2. Failure to Argue Mitigating Factors and Avoid Sentencing Disparities

Though unclear from his opening § 2255 filing, Cervantes's reply brief elaborates a separate ground for his ineffective-assistance-of-counsel claim for a "failure to argue mitigating factors." (Dkt. 10 at 6–7). He points out that some other codefendants received lower sentences than he did, despite being "far more culpable." (*Id.* at 6). He concedes that his counsel raised the disparity between his and Angelica's sentences. (*Id.* at 7). But he argues that, "[h]ad Mr. Loeb argued this issue of culpability beyond that of Angelica Cervantes it would have forced the Court to at least consider this line of reasoning to the sentencing disparities." (*Id.*) Again, Cervantes's argument fails.

Cervantes cannot show Loeb acted outside prevailing professional norms by comparing his role and sentence only with Angelica. Loeb undisputedly raised the issue of unwarranted sentencing disparities in the sentencing memorandum. (No. 15-cr-485-4, Dkt. 731 at 7). He argued the same at the sentencing hearing. (No. 15-cr-485-4, Dkt. 776 at 14:3–16:3, 17:4–9). The choice to compare Cervantes's sentence with the codefendant whose role in the conspiracy was arguably closest to his own—and who received the lowest sentence of any defendant identified—was presumptively reasonable. *See Strickland*, 466 U.S. at 689; *Menzer v. United States*, 200 F.3d 1000, 1003 (7th Cir. 2000). Cervantes fails to adduce evidence that Loeb "performed seriously below professional standards" by focusing his sentencing-disparities argument on the comparison with one other codefendant. *United States v. Williams*, 698 F.3d 374, 386 (7th Cir. 2012).

8

Neither can Cervantes show a reasonable probability that the outcome would have been different had his counsel directly raised other codefendants' sentences. The Sentencing Court acknowledged both its familiarity with all the Roque defendants and its intent to focus on comparing Juan and Angelica "because that's what [counsel] did." (No. 15-cr-485-4, Dkt. 776 at 26:21–23). But no evidence in the record suggests that, had Loeb more explicitly discussed the other codefendants' sentences, Cervantes would have received a lower sentence. This is particularly apparent because the Sentencing Court was already well-acquainted with this case and its players. *See Sanchez*, 989 F.3d at 537 (noting Sentencing Court's diligence in tracking each sentence across multiple hearings). Cervantes has provided only conclusory allegations that "there exists a reasonable probability that this failure negatively affected the outcome of this petitioner's sentence." (No. 22-cv-833, Dkt. 10 at 7). This ineffective-assistance argument fails under both *Strickland* prongs.

### 3. Failure to Object to Inaccurate Information in Plea Agreement

Cervantes finally argues that his attorney was ineffective for "allowing inconsistencies in the factual basis" of his plea agreement and therefore allowing him "to be sentenced on misinformation." (Dkt. 1 at 6). But Cervantes neither identified the alleged misinformation nor described how it impacted his sentence. (*See id.* at 6; *see also* dkt. 10). He therefore cannot show either deficient performance or prejudice. *See Gaylord*, 829 F.3d at 506 (citing *Bruce*, 256 F.3d at 597).

Moreover, the Sentencing Court gave Cervantes ample opportunity at his plea colloquy to ensure the factual basis of his plea agreement was correct. (Dkt. 7-1 at 76–78 (Transcript of Change of Plea Proceedings)). He then made a minor correction to the plea agreement. (*Id.* at 56 (Plea Agreement)). Cervantes admitted under oath that the factual basis for the plea agreement was

9

accurate as corrected. (*Id.* at 78). The record shows no basis for an ineffective-assistance claim that he was sentenced based on inaccurate information in the plea agreement.

**B.      Prosecutorial Misconduct**

Finally, Cervantes argues that the prosecution violated his constitutional rights by penalizing him with a longer sentence for exercising his Fifth Amendment right to remain silent. (Dkt. 1 at 8; dkt. 10 at 8–9). The Fifth Amendment protects a person from being "compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. This privilege extends to sentencing. *See United States v. Gamble*, 969 F.3d 718, 723 (7th Cir. 2020) (citing *Mitchell v. United States*, 526 U.S. 314, 322 (1999)). "A court impermissibly burdens the exercise of this privilege by penalizing its invocation." *Id.* (citing *Spevack v. Klein*, 385 U.S. 511, 515 (1967)). Additionally, a prosecutorial misconduct claim requires showing that (1) the prosecutor's conduct was improper, and (2) the misconduct must have been so prejudicial as to make the resulting conviction a denial of due process. *Darden v. Wainwright*, 477 U.S. 168, 180–81 (1986); *United States v. Nunez*, 532 F.3d 645, 652 (7th Cir. 2008) (confirming two-step framework for prosecutorial misconduct claim).

The only factual basis Cervantes alleges that the prosecution "punished" him was the prosecutor's statement at sentencing that Cervantes did not "come and help himself" or cooperate with the government after being charged. (Dkt. 10 at 8). This is not improper prosecutorial conduct; rather, the Government presented a relevant and permissible sentencing consideration to the court. *See Gamble*, 969 F.3d at 723 ("[A] defendant's decision not to cooperate with the authorities in a criminal investigation may be a relevant and permissible consideration for a judge deciding on an appropriate sentence." (citing *Roberts v. United States*, 445 U.S. 552, 559 (1980))). "A defendant who cooperates may be rewarded with a lower sentence, just as a defendant who pleads guilty may

be rewarded with a lower sentence." *Id.* (citing *United States v. Turner*, 864 F.2d 1394, 1398 (7th Cir. 1989)). Cervantes has failed to explain in any specific way how he was "penalized" for remaining silent rather than denied the benefit of a potentially lower sentence. (*See* dkt. 1 at 8; dkt. 10 at 9 ("The prejudice of the violation of my 5th Amendment right not to be punished for remaining silent is obvious, as during plea negotiations and at sentencing the government refused to consider a minor role adjustment due to Petitioner invoking 5th Amendment right to remain silent.")). Cervantes cannot show that his sentence should be vacated for violating his constitutional rights, because the prosecutor's remark at sentencing was proper.

## CONCLUSION

For these reasons, the Court denies Cervantes's § 2255 motion to vacate, set aside, or correct his sentence. [1]

Date: January 23, 2023

_____
Virginia M. Kendall
United States District Judge